# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.

RENDERED: NOVEMBER 22, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-0849-MR

DATE 12-13-06 ℰ℧ℛℊ℟ℴ⊔ℋℙℭ.

ARTHUR CLEVELAND WILLIS                                 APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JUDITH McDONALD BURKMAN, JUDGE
V.                                          04-CR-3058


COMMONWEALTH OF KENTUCKY                              APPELLEE


## MEMORANDUM OPINION OF THE COURT

### Affirming

A jury of the Jefferson Circuit Court convicted Appellant of assault in the first degree and being a persistent felony offender in the first degree. For these crimes, Appellant was sentenced to a total of twenty (20) years imprisonment. Appellant now appeals to this Court as a matter of right. Ky. Const. § 110(2)(b). For the reasons set forth herein, we affirm Appellant's convictions.

The crimes for which Appellant was convicted stem from a midnight encounter at Darlene Smith's residence on July 22, 2004. Appellant and Smith had known each other since 1979, and Appellant had been staying in Smith's basement for approximately two months before this incident. Appellant, however, announced that he was moving out the evening of July 21, 2004. Smith told Appellant to make sure to

return early enough to gather his belongings. When Appellant returned at midnight, Smith and the victim, Ricky Shelly, were sitting on the front porch, and Appellant found that his belongings had already been packed.

Appellant became angry and exchanged words with Shelly. Appellant went inside very upset and returned with a knife. As Shelly tried to retreat from Appellant, Appellant cut Shelly's arm in two places and stabbed him in the abdomen and groin. Meanwhile, Shelly picked up a pair of hedge trimmers in defense but never struck Appellant. Shelly fled the residence wounded and losing blood. Appellant proceeded to attack Smith's sixteen year old son, Emmanuel, by slamming his head against the wall and threatening to stab him as well.

Appellant was subsequently charged with and convicted of the crimes of assault in the first degree and being a persistent felony offender in the first degree. At trial, Appellant argued that he only stabbed Shelly because he was scared that Shelly would hurt him and that he did not intend to kill or seriously injury Shelly. Appellant now appeals to this Court, alleging several errors which he claims entitle him to a new trial. For the reasons set forth herein, we affirm.

The first error claimed by Appellant is that the trial court abused its discretion when it selected a juror as the alternate because the juror was unable to appear on the last day of trial due to a childcare issue. In Lester v. Commonwealth, 132 S.W.3d 857 (Ky. 2004), this Court held that the removal of a juror for cause is reviewed for abuse of discretion. We find no reason to believe that the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

The trial judge contacted the juror and discovered that not only was the juror unable to come that day, but she was also unsure of whether she could find care for her

2

children the next day. The trial court recessed for some quick research and decided to designate the juror as an alternate. "[A defendant] does not have a constitutional right to have a particular person sit as a juror. He merely has the right to have a particular class of persons on the jury and the right to exclude certain individuals." See Hodge v. Commonwealth, 17 S.W.3d 824 (Ky. 2000). Defendant fails to show that he suffered any prejudice due to the trial court's action. Therefore, we find no error.

Appellant next argues that the trial court erred in allowing a twenty-three year old conviction to be used for impeachment purposes. KRE 609 states that prior felony convictions more than ten years old cannot be used for impeachment purposes unless the probative value outweighs the prejudicial effect. A trial court does, however, have discretion to allow evidence of convictions more than ten years old. McGinnis v. Commonwealth, 875 S.W.2d 518 (Ky. 1994). Decisions on admission of evidence will be reviewed only for an abuse of discretion. See e.g., Barnett v. Commonwealth, 979 S.W.2d 98 (Ky. 1998). We find no abuse of discretion.

In Miller ex. rel. Monticello Baking Co. v. Marymount Medical Center, 125 S.W.3d 274 (Ky. 2004), the Court noted three factors to consider in whether to allow evidence of a prior conviction more than ten years old: (1) whether the witness testified about substantive matters and put his credibility directly at issue, (2) whether the conviction was a crime of dishonesty and weighed more heavily on the issue of credibility than another type of conviction, and (3) the age of the conviction. In the case at hand, Appellant put his credibility directly at issue by testifying to substantive matters and sometimes in contradiction to the testimony of three eyewitnesses. As to the age of the conviction, it was much older than that admitted in Monticello Baking, however, Appellant had only been out of prison for four years before trial and three years before

3

the stabbing incident. In addition, the prosecutor only inquired as to whether Appellant had ever been convicted of a felony. She did not ask about the substance or even how many prior convictions existed. Therefore, we find, under the totality of the circumstances, that the trial judge's decision was not arbitrary, unreasonable, unfair, or unsupported by sound legal principles. Commonwealth v. English, 993 S.W.2d 941 (Ky. 1999).

Appellant further contends that the trial court committed prejudicial error by failing to give instructions for lesser included offenses requested by defense counsel. A trial court is required to instruct on the whole law of the case including instructions on any lesser included offenses supported by the evidence. Holland v. Commonwealth, 114 S.W.3d 792, 802 (Ky. 2003). The trial court should instruct on lesser included offenses if, upon the totality of the evidence, a jury might have reasonable doubt about guilt on the greater offense but still believe beyond a reasonable doubt the defendant is guilty of the lesser included offense. Id.

The trial court instructed the jury on a charge of assault in the first degree and included an instruction for assault under extreme emotional disturbance and an instruction on self-defense. We find that, under the totality of the evidence, the trial court was not erroneous in its determination that Appellant's alternative instructions for lesser included offenses were not supported by the evidence. Therefore, we find no error.

Appellant next argues that there was a Brady violation and that the trial court erred by not permitting the evidence to be admitted at trial for the purpose of impeaching a key prosecution witness. We disagree. Appellant neither established that the information was deliberately withheld so as to amount to a Brady violation nor that

4

he was prejudiced by the trial court's decision. See Coe v. Bell, 161 F.3d 320 (6th Cir.1998).

Appellant contends that Dr. Bill Smock, a key witness as to the severity of the victim's injuries, was associated with the Metro Louisville Police Department and that this evidence was exculpatory, known to the prosecution, and withheld from Appellant. However, the Commonwealth attempted to subpoena the treating emergency physician, Dr. O'Brien, but found out only days before trial that he had moved to California. Therefore, Dr. Smock, the head of the emergency room department, testified by default based upon the observations Dr. O'Brien made in the medical records. There is no evidence to suggest that Dr. Smock was a "hired gun" as Appellant would have this Court believe.

The mere possibility that an item of undisclosed information might have helped the defense or affected the outcome does not establish materiality in a constitutional sense so as to constitute a Brady violation. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Appellant has not demonstrated that the alleged violation was actually prejudicial or that the trial judge committed error or otherwise abused his discretion. Therefore, we find no error.

Appellant finally argues that the trial court erred by reading instructions to the jury before proof was presented in the sentencing and persistent felony offender phase of the trial. Appellant admits this error was not preserved for review but requests that this Court consider it as palpable error under RCr 10.26. Reversing a conviction based on palpable error requires this Court to determine that a manifest injustice has resulted from an error which affects the substantial rights of a party. RCr 10.26. We do not find this to be the case. Therefore, we find no reversible error.

5

For the reasons set forth herein, the judgment of the Jefferson Circuit Court is affirmed.

Lambert, C.J., Graves, Scott, and Wintersheimer, J.J., concur.

Roach, J., dissents by separate opinion in which McAnulty and Minton, J.J., join.

ATTORNEY FOR APPELLANT

Frank W. Heft, Jr.
Office of the Louisville Metro Public Defender
200 Advocacy Plaza
719 W. Jefferson Street
Louisville, KY 40202

ATTORNEYS FOR APPELLEE

Gregory D. Stumbo
Attorney General

James C. Shackelford
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601

# Supreme Court of Kentucky

## 2005-SC-0849-MR

ARTHUR CLEVELAND WILLIS                         APPELLANT

V.
                APPEAL FROM JEFFERSON CIRCUIT COURT
                HON. JUDITH MCDONALD BURKMAN, JUDGE
                NO. 04-CR-3058

COMMONWEALTH OF KENTUCKY                   APPELLEE

## DISSENTING OPINION BY JUSTICE ROACH

Because I believe Appellant was entitled to instructions on assault in the second degree, I respectfully dissent.

Dr. Bill Smock provided the sole testimony regarding Shelly's physical injuries. According to Dr. Smock, Shelly was stabbed in the abdomen, the groin and the right arm. Exploratory surgery was performed which revealed that the stab wound penetrated the abdominal muscles and the peritoneum. Though blood had pooled in the abdomen due to severed blood vessels, there was no injury to the intestines or other internal organs. Dr. Smock characterized the wounds to Shelly's abdomen as serious because it was possible for him to bleed to death if left untreated. It must be noted, however, that Dr. Smock was not the treating physician. The emergency room physician who treated Shelly was unavailable to testify at the time of trial, and Dr. Smock, having reviewed Shelly's records, testified instead.

The trial court accepted Dr. Smock's testimony as uncontroverted evidence that Shelly's wounds were sufficiently grave to support only a finding of first degree assault.

The jury, however, is not required to accept Dr. Smock's opinion testimony simply because there was no evidence directly contradicting it. In fact, Dr. Smock's testimony itself was sufficiently indefinite to support varying conclusions as to the seriousness of Shelly's injuries. Although Dr. Smock testified that Shelly's injuries created a risk of death if left untreated, he never definitively quantified that risk during his testimony. This, coupled with the fact that Dr. Smock never personally treated Shelly, created a sufficient basis for the jury to conclude that injury was merely a "physical" injury as defined in KRS 500.080(13). In other words, while Dr. Smock acknowledged that Shelly's wounds could be life-threatening in certain circumstances, this testimony alone was insufficient to establish as a matter of law that Appellant's actions caused "serious physical injury" within the meaning of KRS 500.080(15).

Dr. Smock's testimony certainly provided sufficient evidence upon which to base a first-degree assault conviction. However, when reviewing a trial court's determinations with respect to jury instructions, our inquiry focuses not on the weight of the evidence but, rather, on the existence of sufficient evidence. Because the evidence at trial supported varying conclusions as to the gravity of Shelly's injuries, I believe Appellant was entitled to an instruction on second-degree assault.

McAnulty and Minton, JJ., join this dissenting opinion.

2